712 A.2d 187

IN THE MATTER OF PETER J. TOTH, AN ATTORNEY AT LAW.

June 3, 1998.

## ORDER

The Disciplinary Review Board on April 7, 1998, having filed with the Court its decision concluding that **PETER J. TOTH** of **BURLINGTON**, who was admitted to the bar of this State in 1976, and who thereafter was temporarily suspended from practice by Order of the Court dated February 14, 1996, and who remains suspended at this time, should be suspended from the practice of law for a period of two years for violating *RPC* 1.1(a) and (b) (gross neglect and pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4 (failure to communicate) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should (1) reimburse the Lawyers' Fund for Client Protection for a claim in the amount of $1,000 paid by the Fund to a client of respondent; (2) provide proof of fitness to practice; and (3) complete the Skills and Methods Course offered by the Institute for Continuing Legal Education;

And the Disciplinary Review Board having determined that on reinstatement to practice, respondent should be required for a period of two years to practice law under the supervision of a practicing attorney and provide certified quarterly audits of his attorney books and records to the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that **PETER J. TOTH** is hereby suspended from the practice of law for a period of two years, effective immediately, and until further Order of the Court; and it is further

ORDERED that prior to submitting an application for reinstatement to practice, respondent shall (1) reimburse the Lawyers' Fund for Client Protection the sum of $1,000; (2) submit proof of fitness to practice law; and (3) demonstrate that he has successfully completed the Skills and Methods Course offered by the Institute for Continuing Legal Education; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until further Order of the Court; and it is further

ORDERED that on reinstatement to practice, respondent shall provide to the Office of Attorney Ethics on a schedule to be set by that office, quarterly audits of his attorney books and records prepared by a certified public accountant approved by the Office of Attorney Ethics, for a period of two years and until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.